J-S03021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEITH GRAVES :
:
Appellant : No. 829 EDA 2017

Appeal from the PCRA Order February 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1009402-2001
CP-51-CR-1009412-2001

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 09, 2018**

Keith Graves appeals from the order dismissing his second petition pursuant to the Post Conviction Relief Act ("PCRA) as untimely. Graves contends he presented newly-discovered facts, allegedly exculpatory out-of-court statements made by John White, sufficient to establish an exception to the timeliness requirements of the PCRA. We affirm.

The timing of a PCRA petition "is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief." ***Commonwealth v. Whitney***, 817 A.2d 473, 478 (Pa. 2003) (citations omitted). A petition must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the

---

* Former Justice specially assigned to the Superior Court.

timeliness requirement. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking one of these statutory exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Also, to gain the benefit of the newly-discovered facts exception, a petitioner must establish the facts upon which the claim are predicated were unknown to him, and he could not have ascertained the facts earlier despite the exercise of due diligence. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007).

Graves's petition is clearly facially untimely, as his judgment of sentence was imposed on May 19, 2006,[1] Graves did not file a direct appeal, and the current petition was filed on July 2, 2015. He does not argue otherwise in his brief, but contends that the newly discovered evidence timeliness exception applies.

A brief recitation of the history of this case is necessary to understand Graves's claims. In 2002, a jury found Graves guilty of multiple counts of robbery, and one count each of possessing an instrument of crime, criminal conspiracy, rape, and involuntary deviate sexual intercourse, arising from allegations he participated in the robbery of a bar in South Philadelphia. During

_____

[1] Graves's initial judgment of sentence was imposed on September 24, 2002. This Court vacated Graves's convictions for rape and involuntary deviate sexual intercourse after concluding the Commonwealth had presented insufficient evidence that these crimes were part of the conspiracy between the perpetrators. We remanded for re-sentencing on the remaining convictions.

- 2 -

the robbery, four masked men wielding firearms, alleged to be Takay Taylor, Todd White, David Taylor, and Graves, entered the bar, herded everyone inside into the basement, and robbed the victims.

Male victims were stripped naked, females were allowed to retain their underwear. One female victim was forced to crawl back upstairs to retrieve more money from her purse. While upstairs, she was forced, at gunpoint, to perform oral sex on a robber. Once finished, another robber raped her vaginally. During these assaults, Graves allegedly remained in the basement, keeping guard over the remaining victims.

While the perpetrators were all masked, several victims identified Graves by his voice, eyes, height and build. At trial, defense counsel attacked inconsistencies in the identifications and stressed the weaknesses in the Commonwealth's case against Graves. Counsel did not present alibi evidence.

Graves filed a post-sentence motion, asserting newly discovered evidence: Takay Taylor's testimony that Graves and David Taylor were innocent, and James Lewis and another, unidentified conspirator, were the other participants. The trial court denied Graves's motion.

In his current petition, Graves argues that John White, a fellow inmate, approached him with new information. White stated he was part of the conspiracy to rob the bar. He helped plan the crime, but fell asleep and did not participate in the robbery. He claimed James Lewis was the fourth participant in the robbery.

However, at the evidentiary hearing on the petition, White denied that he had ever told Graves that James Lewis was the fourth participant. *See* N.T., PCRA Hearing, 8/12/16, at 20. Graves's initial PCRA counsel subsequently testified that the PCRA petition accurately reflected his conversations with White. *See id*., at 56-60. After considering the evidence, the PCRA court found Graves had not established, among other elements of his claim, that he had exercised due diligence in discovering White's alleged statements. The court therefore dismissed the petition as untimely.

Graves argues the PCRA court erred in its application of the law. We disagree. Graves has denied, from the beginning, his involvement in the robbery. At his post-sentence hearing in 2003, Graves asserted that James Lewis was the fourth robber. Furthermore, in his current petition, he acknowledges he had access to the police investigation into Lewis in 2003. *See* PCRA Petition, filed 7/2/15, at ¶ 26. This investigation indicated that Lewis and White were roommates at that time. *See id*., at Exhibit B. Thus, Graves was aware of White, and that White might have evidence relevant to the identity of the fourth participant, in 2003.

Graves argues there is no evidence that White would have revealed his involvement in the robbery if he had questioned White in 2003. However, it is equally true that there is no evidence White would not have told Graves about his alleged involvement in the crime. There is no evidence that Graves made any effort to discover what White knew about the robbery. The burden was on

Graves to establish his due diligence in discovering this information, and there is simply no evidence of any diligence whatsoever from 2003 until 2015, when White approached Graves in prison. Under these circumstances, we cannot conclude the PCRA court abused its discretion in finding a lack of due diligence.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/18